Metcalf, J.
In the first of these cases, exception was taken to the refusal of the court of common pleas to dismiss the action, because the declaration was defective. This, very clearly, is no good cause for exceptions. It is matter of discretion merely. The question of the sufficiency of the declaration is open on the record, and may be better raised and discussed upon demurrer, or upon a motion in arrest of judgment. And this question has now been argued, on the defendant’s motion in arrest. But we see no fatal defect in the declaration. If it is defective in any thing, it is in the manner of setting forth the plaintiffs’ title, and not in the title set forth.
It is also contended by the defendant, that the acts alleged to have been done by him are not the ground of an action at common law, but of an indictment, or of an action, under the plaintiffs’ charter, brought by their treasurer, for a penalty. The provision in that charter (St. 1801, c. 63, § 10) is, that “ if any person shall cut or break down, or otherwise destroy, any of the gates on said turnpike, or shall dig up or carry away any earth from said road, or in any manner damage the same, &c., such person shall forfeit and pay a fine not exceeding fifty dollars, nor less than ten, &c., to be recovered by the treasurer of said corporation to their use, in an action of tres *461 pass on the case.” It may be doubtful, whether this provision extends to the present case. But if it does, still we are of opinion that it was not intended to prevent the plaintiffs from pursuing any common-law remedies for injuries done to their road. This seems to be manifest from the consideration, that only fifty dollars can be recovered by the treasurer for . any damage, which the corporation may sustain ; an amount wholly inadequate to indemnify them in many cases that might occur.
We need not decide, in this case, whether a recovery in the present action would be a bar to an action by the treasurer, nor whether, if he had recovered judgment for a forfeiture, under the provision in the charter, such judgment would be a bar to this action. These questions will be for decision when they arise.
The main question in the present cases is, whether the action respects an easement on real estate, and therefore, by St. 1840, c. 87, ought to have been originally brought in this court. And this question we consider as settled in the negative, by the decision in the case of Hunt v. Hanover, 8 Met. 343. The plaintiffs have a franchise; but they have not an easement on real estate, within the meaning of the statute, as expounded in that case.
In the first action, the exceptions are overruled; in the second, a new trial is to be had in the court of common pleas.